EXHIBIT 2

DocuSign Envelope ID: EB4A42E5-0B37-4D14-BC1B-F591D3AFA011
Electronically FILED by Superior Court of California, County of Los Angeles on 08/03/2020 12:54 PM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Alvarez,Deputy Clerk
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Gregory Alarcon

Shaun Setareh (SBN 204514)
shaun@setarehlaw.com
William M. Pao (SBN 219846)
william@setarehlaw.com
Jose Maria D. Patino, Jr. (SBN 270194)
jose@setarehlaw.com
SETAREH LAW GROUP
315 South Beverly Drive, Suite 315
Beverly Hills, California 90212
Telephone (310) 888-7771
Facsimile (310) 888-0109

Attorneys for Plaintiff
KENNETH PRESIDENT

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF LOS ANGELES
## UNLIMITED JURISDICTION

| | |
|---|---|
| KENNETH PRESIDENT, an individual, <br><br> *Plaintiff*, <br><br> vs. <br><br> WALGREEN CO., an Illinois corporation; ANGELICA NIENTO, an individual; and DOES 1 through 50, inclusive, <br><br> *Defendants*. | 20STCV29124 <br><br> **COMPLAINT** <br><br> 1. Retaliation (Cal Gov't Code §12940(h)) <br> 2. Failure to Prevent Retaliation (Cal Gov't Code §12940(k)) <br> 3. Intentional Infliction of Emotional Distress; <br> 4. Wrongful Termination in Violation of Public Policy; <br> 5. Unfair Business Practices (Cal. Bus. & Prof. Code § 17200) <br><br> **JURY TRIAL DEMANDED** |

COMES NOW, Plaintiff KENNETH PRESIDENT ("Plaintiff") complains and alleges as follows:

## PARTIES

1. Plaintiff KENNETH PRESIDENT is, and at all relevant times mentioned herein, an individual residing in the State of California.

2. Plaintiff is informed and believes, and thereupon alleges that Defendant WALGREEN CO. is, and at all relevant times mentioned herein, an Illinois corporation doing business in the State of California.

3. Plaintiff is informed and believes, and thereupon alleges that Defendant ANGELICA NIENTO is, and at all relevant times mentioned herein, an individual residing in the State of California.

4. Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOES 1 through 50, inclusive, but is informed and believes that these defendants are legally responsible for the conduct alleged in this and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege the true names and capacities of the DOE defendants when ascertained.

5. Plaintiff is informed and believes that each defendant acted in all respects pertinent to this action as the agent of the other defendants, carried out a joint scheme, business plan or policy in all respects pertinent in this complaint, and the acts of each defendant are legally attributable to each of the other defendants.

## JURISDICTON AND VENUE

6. This Court has subject matter jurisdiction to hear this case because the monetary damages and restitution sought by Plaintiff from Defendants conduct exceeds the minimal jurisdiction of the Superior Court of the State of California.

7. Venue is proper in the County of Los Angeles pursuant to Code of Civil Procedure sections 395(a) and 395.5 in that liability arose this county because at least some of the transactions that are the subject matter of this Complaint occurred therein and/or each defendant is found, maintains offices, transacts business and/or has an agent therein.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. Prior to the initiation of this lawsuit, Plaintiff filed a complaint against each named defendant with the California Department of Fair Employment and Housing (DFEH) pursuant to California Government Code section 12900, et seq., alleging the claims described in this complaint. On July 2, 2020 the DFEH issued a "right to sue" letter. A true and correct copy of the administrative complaint and the "right to sue" letter is attached as Exhibit A. All conditions precedent to the institution of this lawsuit have been fulfilled. This action is filed within one year of the date that the DFEH issued its right to sue letter.

## FACTUAL ALLEGATIONS

1. Plaintiff was hired by Defendants to work as a Customer Service Associate for the Los Angeles location of their facility from June 9, 2014 until approximately July 31, 2019. Plaintiff worked for Defendants without issue.

2. Plaintiff's job duties included stocking the shelves, assisting customers with questions, checking out customers, and receiving change for the cash register.

3. In or around December 2018, Angelica Niento took over as the new store manager of Plaintiff's store.

4. Ms. Niento insisted that only male employees were to perform certain strenuous tasks, such as cleaning bathrooms, sweeping, lifting and dusting.

5. Ms. Niento never allowed female employees to clean, stating it was a "man's job."

6. Ms. Niento would habitually chastise the male employees, including Plaintiff, that they were "moving too slowly" and not doing their jobs, despite the fact that they were given the more strenuous, difficult tasks in the store.

7. In addition, Ms. Niento began to cut the hours of the male employees and give those extra hours to female employees, including her female assistant manager, Rosa.

8. In or around July 2019, Plaintiff was attending to his duties when a female employee asked him to help a customer in the photo department.

9. Plaintiff responded that he was busy with something else, and the female employee started screaming at him and shouting expletives that he needed to do his job.

10. Plaintiff reported this incident to a supervisor on the phone, and was told that another supervisor would be coming into the store to resolve the issue.

11. Soon after, a supervisor came into the store and listened to Plaintiff's allegations, and the female employee was suspended and sent home as a result of her inappropriate conduct.

12. A few days after this incident, on July 31, 2019, Ms. Niento told Plaintiff during his shift that he had to be terminated. Ms. Niento explained that Plaintiff had an altercation in the past with a different employee and that he displayed a history of being a difficult employee.

13. Even though the other altercation that occurred was three years prior and wholly unrelated to the current incident, Plaintiff was abruptly terminated.

## FIRST CAUSE OF ACTION

## RETALIATION

## (Cal. Gov't Code § 12940(h))

## (Against All Defendants)

14. Plaintiff incorporates the preceding paragraphs of this Complaint as if fully alleged herein.

15. At all times mentioned herein, the California Fair Employment and Housing Act (FEHA) (Cal. Gov't Code § 12900, et seq.) was in full force and effect and fully binding upon Defendants. Specifically, section 12940(h) makes it an unlawful employment practice for an employer to discriminate against any person because the person has opposed any practices forbidden under this part.

16. Plaintiff informed Defendants of what he perceived to be harassment and discrimination on the basis of his gender identity.

17. As a direct, foreseeable and proximate result of Defendants' unlawful actions, Plaintiff has suffered substantial emotional distress, humiliation, shame and embarrassment, all to the Plaintiffs damage and in an amount to be proven at trial.

18. Defendants committed the acts herein despicably, maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of the rights and safety of Plaintiff and others.

3
COMPLAINT

Plaintiff is thus entitled to recover punitive damages from Defendants in an amount according to proof.

///

## SECOND CAUSE OF ACTION

## FAILURE TO PREVENT RETALIATION

## (Gov't Code § 12940(k))

## (Against All Defendants)

34. Plaintiff incorporates the preceding paragraphs of this Complaint as if fully alleged herein.

35. At all times mentioned herein, the California Fair Employment and Housing Act (FEHA) (Cal. Gov't Code § 12900, et seq.) was in full force and effect and fully binding upon Defendants. Specifically, section 12940(k) makes it an unlawful employment practice for an employer fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring.

36. Plaintiff reported to Defendants the harassment he was experiencing at work. Shortly thereafter, Defendants retaliated against Plaintiff by immediately terminating his employment, with no other basis for the termination.

37. Defendants at all relevant times alleged herein failed to take any steps to prevent adverse employment actions against Plaintiff after he reported what he believed to be unlawful harassment.

38. Defendants were not only aware of the retaliatory conduct by their agents, but also ratified the retaliatory termination of Plaintiff.

39. As a direct, foreseeable and proximate result of Defendants' unlawful actions, Plaintiff has suffered substantial emotional distress, humiliation, shame and embarrassment, all to the Plaintiffs damage and in an amount to be proven at trial.

40. Defendants committed the acts herein despicably, maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of the rights and safety of Plaintiff and others.

Plaintiff is thus entitled to recover punitive damages from Defendants in an amount according to proof.

### THIRD CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Against All Defendants)

41. Plaintiff incorporates the preceding paragraphs of this Complaint as if fully alleged herein.

42. The conduct of Defendants' management employees as set forth above was so extreme and outrageous that it exceeded the boundaries of human decency and was beyond pale of conduct tolerated in a civilized society. This conduct was intended to cause severe emotional distress or was done in reckless disregard of the probability of causing severe emotional distress.

43. As an actual and proximate result of Defendants 'wrongful conduct, Plaintiff has suffered and continues to suffer severe and continuous humiliation, emotional distress and physical and mental pain and anguish, all to his damage in an amount according to proof at trial.

44. Defendants committed the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice and in conscious disregard of Plaintiff's rights. Because the acts taken toward Plaintiff were carried out by Defendants acting in a deliberate, cold, callous and intentional manner in order to injure and damage Plaintiff, he is entitled to recover punitive damages from Defendants in an amount according to proof.

### FOURTH CAUSE OF ACTION
### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
### (Against All Defendants)

45. Plaintiff incorporates the preceding paragraphs of this Complaint as if fully alleged herein.

46. Defendants terminated Plaintiff's employment in violation of important and well-established public policies, as set forth in various state statutes and Constitutional provisions including, but not limited to, FEHA and the California Government Code.

47. As a proximate result of the conduct of Defendants, Plaintiff suffered and will continue to suffer damages in terms of lost wages, lost bonuses, lost benefits and other pecuniary loss according to proof. Plaintiff has also suffered and will continue to suffer physical and emotional injuries, including nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue and anxiety. The amount of Plaintiff's damages will be ascertained at trial.

48. In committing the foregoing acts, Defendants have been guilty of oppression, fraud and/or malice under California Civil Code section 3294, thereby entitling Plaintiff to punitive damages in a sum appropriate to punish and make an example out of Defendants.

49. Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

## FIFTH CAUSE OF ACTION

## UNFAIR BUSINESS PRACTICES

### (Cal. Bus. & Prof. Code § 17200-17208)

### (Against All Defendants)

50. Plaintiff incorporates the preceding paragraphs of this Complaint as if fully alleged herein.

51. The foregoing conduct as alleged in this complaint violates the California Unfair Competition Law ("UCL") (Cal. Bus. & Prof. Code § 17200 et seq). Section 17200 prohibits unfair competition by prohibiting, inter alia, any unlawful or unfair business acts or practices. Throughout the course of Plaintiff's employment, Defendants committed acts of unfair competition, as defined by the UCL, by among other things, engaging in the acts and practices described in this complaint, including but not limited to retaliating against him on the basis of reporting gender harassment.

52. Defendants' course of conduct, acts and practices in violation of the California laws mentioned in the above paragraph constitute a separate and independent violation of the UCL. Defendants' conduct described herein violates the policy or spirit of such laws or otherwise significantly threatens or harms competition.

53. Plaintiff seeks disgorgement in the amount of the respective unpaid wages and equity

and such other legal and equitable relief from Defendants unlawful and willful conduct as the Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment against Defendants as follows:

A. For compensatory damages, including but not limited to, lost back pay, plus interest, lost fringe benefits and future lost earnings and fringe benefits, lost equity, damages for emotional distress and pain and suffering, according to proof;

B. For general and special damages to compensate Plaintiff for any medical expenses and suffering;

C. For punitive damages, as allowed by law, that will sufficiently punish, make an example of, and deter future conduct by Defendants;

D. For restitution and/or disgorgement;

E. For an award of costs of suit and reasonable attorneys' fees;

F. For an award of pre judgment and post judgment interest;

G. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

Dated: July 28, 2020        SETAREH LAW GROUP

DocuSigned by:
*Chaim S. Setareh*
―――――――――――――
43B59C4C1D4B4A5...
SHAUN SETAREH
WILLIAM PAO
JOSE PATINO
Attorney for Plaintiff
KENNETH PRESIDENT

7

# EXHIBIT A



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency     GAVIN NEWSOM, GOVERNOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

July 21, 2020

Shaun Setareh
315 South Beverly Drive, Suite 315, Suite 315
Beverly Hills, California 90212

RE: **Notice to Complainant's Attorney**
DFEH Matter Number: 202007-10743121
Right to Sue: President / WALGREEN CO. et al.

Dear Shaun Setareh:

Attached is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,

Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency     GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**     KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

July 21, 2020

RE: **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 202007-10743121
Right to Sue: President / WALGREEN CO. et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Department of Fair Employment and Housing (DFEH) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. This case is not being investigated by DFEH and is being closed immediately. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency | GAVIN NEWSOM, GOVERNOR

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

July 21, 2020

Kenneth President
227 E 55th St
Long Beach, California 90805

RE: **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 202007-10743121
Right to Sue: President / WALGREEN CO. et al.

Dear Kenneth President,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective July 21, 2020 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Department of Fair Employment and Housing

# COMPLAINT OF EMPLOYMENT DISCRIMINATION
## BEFORE THE STATE OF CALIFORNIA
## DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
### Under the California Fair Employment and Housing Act
### (Gov. Code, § 12900 et seq.)

**In the Matter of the Complaint of**
Kenneth President

DFEH No. 202007-10743121

Complainant,

vs.

WALGREEN CO.
200 WILMOT RD
DEERFIELD, Illinois 60015

Angelica Niento
,

Respondents

---

1. Respondent **WALGREEN CO.** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant **Kenneth President**, resides in the City of **Long Beach** State of **California.**

3. Complainant alleges that on or about **July 31, 2019**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's gender identity or expression and as a result of the discrimination was terminated.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment and as a result was terminated.

**Additional Complaint Details:** Plaintiff was employed with Respondent Walgreen Co. as a customer service associate and experienced discrimination based on gender. When he reported this discrimination to his female supervisor, he was terminated.

-1-
*Complaint – DFEH No. 202007-10743121*

Date Filed: July 21, 2020

VERIFICATION

I, **Shaun Setareh,** am the **Attorney** in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof. The matters alleged are based on information and belief, which I believe to be true.

On July 21, 2020, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Beverly Hills. CA**

-2-
*Complaint – DFEH No. 202007-10743121*

Date Filed: July 21, 2020